LAW OFFICES OF SCOTT J. GOLDSTEIN, LLC
280 West Main Street
Denville, New Jersey 07834
Tel:  (973) 453-2838
Fax:(973) 453-2869
*Attorneys for Debtors*
Scott J. Goldstein, Esq. (016472004)

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | |
|---|---|
| In Re:<br><br>Dai Young Kim<br><br>      Chapter 13 Debtor | **Case No. 11-46308**<br><br>Chapter 7<br><br>Hon. John K. Sherwood |
| Eun Sug Cha,<br><br>            Plaintiff<br><br>     v.<br><br>Dai Young Kim,<br><br>            Defendant | **Adv. Pro. No.** |

## ADVERSARY COMPLAINT SEEKING
## DETERMINATION OF NON-DISCHARGEABILITY

**EUN SUG CHA,** by and through his undersigned attorneys Law Offices of Scott J. Goldstein, LLC, Scott J. Goldstein, Esq., appearing, as and for his complaint against the Defendant, **DAI YOUNG KIM**, states as follows:

## INTRODUCTION

1. This is an action for to determine dischargeability pursuant to 11 U.S.C. §523(a)(2) and §523(a)(3)(B) and Federal Rule of Bankruptcy Procedure 7001(6), Federal Rule of Bankruptcy Procedure 7001(7) and Federal Rule of Bankruptcy Procedure 7001(9).

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 and concerns the dischargeability of a debt of the debtor in that case.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code, and pursuant to the Order entered by the Judges of the United States District Court for the District of New Jersey on July 23, 1984 (the Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

4. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

5. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code as against Dai Young Kim as the Debtor, upon information and belief, resides in this District and did consent to jurisdiction by the filing of his Chapter 7 petition.

## PARTIES

6. Plaintiff, Eun Sug Cha, ("Plaintiff" or "Cha") is and was at all times relevant hereto an individual resident of the State of California. Mr. Cha was at all times relevant hereto, a creditor of the Debtor in the Chapter 7 Proceeding entitled <u>In Re Dai Young Kim</u>, which underlies this Adversary Proceeding ("the Base Case").

7. Defendant, Dai Young Kim ("Defendant, " "Debtor" or "Kim") is and was at all times relevant hereto a resident of the State of New Jersey and the Debtor in the Base Case.

## FACTS COMMON TO ALL COUNTS

**Underlying Fraudulent Transactions**

8. Prior to the commencement of the Base Case, the Debtor, was part of a group of persons who perpetrated a series of frauds upon Koreean immigrants and nationals by soliciting and obtaining sums of money for the purported purpose of selling interests in a property known Jeju Hill Resort or NEST HILL on Jeju Island in South Korea.

9. The Debtor owned or was affliated with several entities known as KOUSA, INC., d/b/a Family Club, CNP Holdings and other entities.

10. The Debtor used these entities in the perpetration of his frauds against the Plaintiff and other Korean immigrants and nationals.

11. Mr. Cha, on his own behalf, and as the assignee of 44 claimants, invested approximately $2,130,000 with the Debtor's entities.

12. The Debtor, by and through his business interests, advertised heavily in local Korean media channels, advertising memberships in the aforementioned properties and promising

substantial benefits, including free airfare to Korea, timeshare usage and a return of principal with interest.

13. The Plaintiff and his assignors were told that their monies would purchase interests in Nest Hill Pension Resort on Jeju Island, in South Korea.

14. The Plaintiff and his assignors were given certificates purporting to convey such interests to them, which eventually turned out to be complete fabrications.

15. When the Plaintiff and other assignors contacted Nest Hill Resort to use their benefits, they were told that Nest Hill had no relationship with the Debtor or his associates.

16. Some of the Debtor's co-conspirators were arrested in connection with the frauds. (See http://www.nj.com/bergen/index.ssf/2014/07/two_men.html)

**The Chapter 7 Petition and Omission of the Plaintiff**

17. The Debtor commenced the underlying Chapter 7 case on or about December 23, 2011, as it was becoming apparent that his frauds were being revealed.

18. The Court issued a Notice of Commencement setting the deadline for non-dischargeability actions was March 27, 2012, pursuant to Federal Rule of Bankruptcy Procedure 4007(c).

19. The Debtor, on filing his petition filed accompanying schedules and a Statement of Financial Affairs, which nowhere mentioned the Plaintiff.

20. Indeed, on the his petition, the Debtor listed unsecured debts of $572,130.60, however, the obligations to the movant and his assignors were never mentioned.

21. Being unaware of the filing of the Base Case, commenced an action in California Superior Court on or about August 24, 2012.

22.  Following the filing of his state case, the Plaintiff was advised by letter dated February 13, 2013, from Debtor's then counsel, Eric Perkins, that the Debtor had commenced the Base Case and discontinued his state collection attempts.

23.  The Debtor had received his discharge on May 4, 2012, well before the Plaintiff sought to collect the damages suffered, all the time unaware of the pendency of the Base Case.

24.  The case remained open, however, until September 30, 2013 due to the pendency of an unrelated non-dischargeability action by another creditor.

25.  Plaintiff was only made aware of the filing of the bankruptcy case by Mr. Perkins' letter, sent nearly 9 months after discharge was granted and 11 months after adversary proceedings were barred.

### FIRST COUNT

26.  Plaintiff repeats and realleges each and every one of the foregoing allegations with the same force and effect as if set forth at length.

27.  The Plaintiff's claims against the Debtor arise under 11 U.S.C. §523(a)(2)(A) and 11 U.S.C. §523(a)(4), based on the Debtor's fraud, misrepresentation and theft of funds.

28.  11 U.S.C. §523(a)(3) provides that unlisted and unscheduled debts that arise under 11 U.S.C. §523(a)(2), (a)(4) and (a)(6) if the debt was not disclosed to the creditor in sufficient time for the creditor to file a proof of claim and bring the appropriate adversary proceeding.

29.  In the instant case, the Debtor failed to list or schedule the Plaintiff and his assignors on the Debtor's Schedules and never provided any notice to the Plaintiff until Mr. Perkin's letter of February 13, 2013, well after the time to file an adversary proceeding pursuant to 11 U.S.C. §523(c).

30. As such, due to the Debtor's failure to list or schedule the aforedescribed claims by the Plaintiff and his assignors, the Plaintiff's claim is non-dischargeable.

**WHEREFORE**, the Plaintiff demands judgment as follows:

A. Declaring and adjudging that the Defendant's obligations to the Plaintiff and his assignors are non-dischargeable pursuant to 11 U.S.C. §523(a)(3).

B. Vacating the order of discharge with respect to the Plaintiff's claims;

C. Granting such additional and/or other relief as this Court deems appropriate.

LAW OFFICES OF SCOTT J. GOLDSTEIN, LLC

By:____/s/Scott J. Goldstein_____
Scott J. Goldstein, Esq. (016472004)
280 West Main Street
Denville, New Jersey 07834
Phone:         (973) 453-2838
Facsimile:    (973) 453-2869
sjg@sgoldsteinlaw.com
Attorney for Plaintiff Eun Sug Cha

Dated:    July 23, 2015